[Civil No. 727.   Filed March 28, 1900.]

[60 Pac. 879.]

JOHN REID, Plaintiff and Appellant, v. F. A. KLEYEN-STAUBER et al., Defendants and Appellees.

1. MORTGAGES—DEFECTIVE ACKNOWLEDGMENT—NOTICE—CONSTRUCTIVE—SUBSEQUENT LIENOR—PRIORITY OF—PAR. 2601, REV. STATS. ARIZ. 1887, CONSTRUED.—Under the statute, *supra,* providing that "all deeds of trust and mortgages whatsoever which shall hereafter be made and executed shall be void as to all creditors and subsequent purchasers for value without notice, unless they shall be acknowledged or proved and filed with the recorder to be recorded, as required by law," one who acquired a lien on the property subsequent to the execution of a defectively acknowledged mortgage, and who has had no notice of the same, save and except such notice as the recording thereof imparts, is entitled to precedence as a prior lienor in an action to correct such defect and forclose the mortgage.

2. SAME—SAME—CORRECTION—NOT RETROACTIVE—PARS. 2601 AND 2621, REV. STATS. ARIZ. 1887, CONSTRUED.—Paragraph 2621, *supra,* provides: "When the acknowledgment or proof of the execution of any instrument in writing may be properly made, but defectively

certified, any party interested may have an action in the district court to obtain a judgment correcting the certificate. This statute in connection with par. 2601, *supra,* must be construed not as permitting a defective certificate of acknowledgment to be amended so as to relate back and give constructive notice from the time of the recording of such instrument, but only as affording a remedy for the correction of such defective certificate so as to make it effective as notice against all purchasers, encumbrancers, and creditors from the time the defect be cured.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

F. B. Laine, for Appellant.

E. J. Edwards, and Moorman & McFarland, for Appellees.

SLOAN, J.—The sole question presented by the record in this case is: In a suit to foreclose a mortgage on real estate, defectively acknowledged, in which the complaint sets forth the mistake of the notary in certifying such acknowledgment, and prays that the defective certificate be corrected, is it error for the court to decree such foreclosure, and allow the certificate to be amended, and yet to decree a judgment lienholder, made a party defendant, who has obtained his lien subsequent to the execution of the mortgage, and who has had no notice of the same, save and except such notice as the recording of such defectively acknowledged mortgage imparted, to have precedence, as a prior lienor, and to be entitled to have his lien first paid from the proceeds of the sale of the mortgaged premises?

Paragraph 2601 of the Revised Statutes provides: "And all deeds of trust and mortgages whatsoever, which shall hereafter be made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the recorder, to be recorded, as required by law. . . . " Paragraph 2621 provides: "When the acknowledgment or proof of the execution of any instrument in writing may be properly made, but defectively certified, any party interested

may have an action in the district court to obtain a judgment correcting the certificate." We construe the former paragraph of the statute to mean, as it reads, that only such instruments named as shall be acknowledged, proved, or certified in the manner provided by law shall, by being filed for record, impart notice to subsequent purchasers, encumbrancers, and creditors, and then only from the time when all those provisions of the statutes have been fully complied with. In the light of the former statute, we construe the latter, not as permitting a defective certificate of acknowledgment to be amended so as to relate back and give constructive notice from the time of the recording of such instrument, but only as affording a remedy for the correction of such defective certificate so as to make it effective as notice against all purchasers, encumbrancers, and creditors from the time the defect be cured. In other words, the decree of the court correcting such certificate is not to be retroactive in its effects, so as to give the instrument force and effect as notice from the time it may have been filed for record, but only from the time when it shall be reformed. The California cases cited by counsel for appellant in his brief involve a construction of similar statutes, but are not in point, for the reason that in none of the cases cited was involved the right of a third person who had acquired a lien subsequent to the execution and recording of the instrument, and the reformation of the defective certificate of acknowledgment. The judgment is affirmed.

Street, C. J., and Davis, J., concur.